J. T. STEWART, *Appellant, v.* JULIA A. HUNTER *et al.,*
*Appellees.*

## Opinion Filed March 18, 1913.

1. The confirmation of a sale in partition proceedings is a matter which rests within the sound judicial discretion of the trial court, and the exercise of such discretion will not be interfered with by an appellate court, unless a clear abuse thereof is made to appear.

2. As a general rule, in matters which rest within the judicial discretion of the trial court, an appellate court will not interfere, except where an abuse of such discretion is made to appear. This is a salutary rule which conduces to the administration of justice.

Appealed from the Circuit Court for Suwannee County.

Order affirmed.

*Humphreys & Blackwell,* for Appellant;

*L. E. Roberson,* for Appellees.

SHACKLEFORD, C. J.—This is a suit for the partition of certain described lands, in which a decree was rendered, appointing commissioners to make a partition thereof between the complainants and defendants, in accordance with their respective interests as set forth in the decree.

The commissioners made a report to the effect that the lands were so situated that a partition thereof could not be made without great prejudice to the owners thereof, whereupon the court made an order directing a sale of the lands by the commissioners at public auction. The

commissioners made a report to the effect that they had sold such lands, after duly advertising the sale, to J. T. Stewart for the sum of $600.00. The court refused to confirm such sale and ordered the commissioners to re-advertise and re-sell the lands. J. T. Stewart, the purchaser at the sale and who was also one of the defendants, filed a petition for re-hearing, which was denied. The commissioners made another report to the court to the effect that they had re-advirtised and re-sold the lands, which second sale resulted in the same being sold to J. T. Stewart for the sum of $1055.00, which amount had been paid into the registry of the court. On the same day that this report was filed and before action was taken thereon, J. T. Stewart entered his appeal from the orders refusing to confirm the first sale and denying his petition for a re-hearing, and assigns each order as error.

We are of the opinion that each assignment is without merit. At the time of making the order for the first sale the court had before it affidavits to the effect that the lands were worth from $1200.00 to $2000.00. The confirmation of the sale was a matter which rested within the sound judicial discretion of the court. See 30 Cyc. 991; 15 Ency. Pl. & Pr. 822, and the authorities cited in the respective notes.

We said in Padgett v. State, 64 Fla. 389, 59 South. Rep. 946, text 950, that, as a general rule, in matters which rest within the judicial discretion of the trial court, an appellate court will not interfere except where an abuse of such discretion is made to appear. We added that we thought that this was a salutary rule which would conduce to the administration of justice. The fact that the appellant himself bid $1055.00 for the lands at the second

sale conclusively shows that the court wisely exercised its discretion in refusing to confirm the first sale.

Orders affirmed.

TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.

HOCKER, J., absent, concurred in the opinion as prepared.